HEBERT *vs.* JOLY ET AL.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE
THIRD PRESIDING.

On a motion to dissolve an injunction on the face of the papers, all the facts stated are not admitted as true, unless the motion be made on the ground of a want of sufficient matter alleged in the petition to authorise the issuing of the writ.

An affidavit for an injunction must be direct, positive and unconditional.

This action is brought to obtain a perpetual injunction upon the proceedings on a judgment rendered against the plaintiff. Joly, a defendant in this suit, and the plaintiff in the former one, had, in 1827, purchased a slave at a public sale of the estate of his deceased wife, and in a few days afterwards he subrogated the plaintiff to all the rights and interest he had acquired by the purchase. By the said act of subrogation, the plaintiff assumed the obligations of Joly, in regard to the payment of the slave, who was mortgaged for that purpose.

Joly afterwards sued and obtained judgment against plaintiff for the price of the slave. Plaintiff alleges, that when the former suit was brought, he was, under error of fact, induced by Joly; that the legal representatives of Joly's deceased wife now claim of the plaintiff the price of the slave.

The defendants filed a plea of *res judicata*, and moved to dismiss on the face of the papers. The court sustained the plea, dissolved the injunction, and awarded fifty dollars damages against the plaintiff and his surety, jointly.

After an ineffectual motion for a new trial, the plaintiff appealed.

*Labauve*, for appellants.

1. Ursin Joly, defendant, failed to make out his plea of *res judicata*, and the court wrongfully sustained it.

2. The plaintiff, Hebert, shows fraud on the part of Joly, defendant. *C. C. art.* 1841, *nos.* 5, 6, 7; and that it is but since the judgment that his error and the fraud were discovered and made known to him by the true representatives.

3. The plaintiff shows a good reason to fear a disturbance, the negro being mortgaged. *C. C. art.* 2535. The false representations of defendant prevented him from making the defence before, in inducing him to believe Joly duly authorised to receive and discharge on all parts.

4. The surety on the injunction bond was wrongfully condemned to cost.

*Burk* and *Davis*, for appellees.

The injunction must be dissolved—because

1. The proceedings in injunction are informal. *Code Practice, art.* 304. *Act of March* 25, 1828, *sec.* 3 and 18. *Code Practice, arts.* 574—5. 3 *La. Rep. Code Practice, art.* 739, 746 to 750, 593. *La. Code, art.* 3522, *no.* 9.

2. The law does not authorise the judgment debtor to enjoin in this case. *Act of March* 25, 1828, *sec.* 2 and 9. *Code Practice, art.* 298, *no.* 7, *art.* 300, *art.* 301.

3. Judgment of Ursin Joly has the force and effect of the thing adjudged. *Code Pr. art.* 593. *La. Code, art.* 2066.

4. Twenty per centum interest as damages should be allowed. *Code Practice, art.* 592. *Act of March*, 1831, *sec.* 3.

5. Ten per centum damages for frivolous appeal. *Code Practice, art.* 907.

PORTER, J. delivered the opinion of the court.

This case commenced by an application for an injunction. The plaintiff states that he bought from the defendant, Joly, a slave which the latter had acquired by adjudication, at the sale of the estate of one Celeste Cullue, and by his contract, agreed to take the place of his vendor, and make payment to the person or persons legally entitled to receive it.

HEBERT
vs.
JOLY ET AL.

The petition proceeds to state various circumstances, on which the injunction is demanded, and concludes with a prayer for it. At the bottom is found the following affidavit. "Eribert Hebert, being duly sworn, deposes and says, that the facts and allegations contained in the above petition, which render an injunction necessary, are true and correct."

A motion was made in the court below, to dissolve the injunction, on a plea of *res judicata*, and from matters appearing on the face of the papers. The court sustained it, and the petitioner appealed.

On a motion to dissolve an injunction on the face of the papers all the facts stated are not admitted as true, unless the motion be made on the ground of a want of sufficient matter alleged in the petition to authorise the issuing of the writ.

It has been objected, that on a motion to dissolve on the face of the papers, all the facts are admitted as true. We think not. Such certainly would be the case, if the rule had been taken to show cause, for want of sufficient matter being alleged in the petition to authorise the writ. But the case before us was tried on a motion to dissolve from matters appearing on the face of the papers. Whatever, therefore, appeared on the face of the papers, which showed the injunction should be dissolved, was a proper matter of inquiry. Whether the petitioner might not have objected to going into the investigation, unless the defendant set out specially, his particular exceptions, need not be inquired into, for no objection was made by him on this ground, in the court below.

An affidavit for an injunction must be direct, positive and unconditional.

The affidavit is not such as the law requires. The oath should be direct, positive and unconditional. If in the present case, the facts did not render the injuction necessary, none were sworn to. If the law did render it necessary, on the allegations in the petition, still it is an affidavit, conditional, on the law being so. Independent of the complete exemption from punishment, which would attend false swearing, if the petition did not disclose matters to authorise the writ, there would he, in all indictments for perjury, on such an oath, a preliminary inquiry, whether the allegations authorised an injunction; and in which inquiry the party accused would have the benefit of all doubt, which might exist in the matter. The law in our judgment, did not contemplate extending any such latitude, or embarrassing any

inquiry which should turn on the truth of facts, into mixed <span style="float:right">EASTERN DIS. *January*, 1833.</span> questions of fact and law.

The plaintiff most probably was induced to give his affidavit this form, from the provisions contained in the 304th *article of the Code of Practice*, which requires the party applying for an injunction, *to state*, *under oath*, the facts, which according to his belief render the writ necessary. This we think evidently means, that the facts must be sworn to positively, and that the facts so attested to, must be those, which in the belief of the affiant, authorise the injunction, but this is widely different from an averment, that *all the facts which render the writ necessary*, are true.

Error is alleged in that part of the judgment below, which condemns the surety to pay costs. The surety has not appealed, and is not before this court: then again, the act of 1831, declares that the surety shall be considered as a party plaintiff in the suit. *Act of* 1831, *p.* 102.

Damages are asked for the appellee, on the ground of the appeal being frivolous. We do not think the case one in which this penalty should be inflicted.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.